CUTLER-HAMMER MANUFACTURING COMPANY, Respondent, vs. PHILLIP GROSS HARDWARE & SUPPLY COMPANY, Appellant.

*March 10—June 21, 1926.*

*Sales: Contract to furnish all buyer's requirements of certain goods: Definiteness: Purchases by buyer elsewhere: Orders in excess of requirements: Waiver by seller: Appeal: Error not affecting result.*

1. An alleged error in receiving testimony will not be considered where it was in no way essential to the questions submitted to the jury.  p. 348.
2. In an action to recover for the breach of a contract by which plaintiff agreed to purchase of defendant all its requirements of certain tools for a definite period, defendant, having knowledge that plaintiff had purchased from others and not objecting thereto, is precluded from claiming a breach because of the other purchases.  p. 348.
3. Nor could defendant complain that plaintiff had ordered more than its requirements and that it was under no obligation to furnish the excess, where such ordering was with the knowledge and consent of the defendant.  p. 349.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge.  *Affirmed.*

Action to recover damages for a breach of the following contract: "We, the Phillip Gross Hardware Company, agree to furnish the *Cutler-Hammer Manufacturing Company,* who agree to purchase of us all their requirements of twist drills and reamers of the kinds herein mentioned for the period ending December 31, 1915, at the following discounts from standard list prices."

Then follow the kinds of drills and reamers and the discounts, with this statement: "The drills and reamers we propose to furnish are those made by the Cleveland Twist Drill Company."  The contract was signed by the Phillip Gross Hardware Company and accepted by plaintiff.  Since the signing of the contract the name of the Phillip Gross Hard-

ware Company has been changed to *Phillip Gross Hardware & Supply Company.*

At the close of the testimony the trial court submitted these questions to the jury, which were answered as stated:

"(1) Did Seifert, in the month of January, 1916, definitely inform Hopkins that the defendant would not deliver drills ordered in plaintiff's letter of October 22, 1915? *A.* Yes.

"(2) If you answer question No. 1 'Yes,' then answer this question: On what date in the month of January, 1916, did Seifert so inform Hopkins? *A.* 7th."

The amount of the drills not furnished and the damages thereby sustained were not in dispute, and the court entered judgment for plaintiff in the sum of $4,885.73 damages, including interest. From such judgment the defendant appealed.

*Norman L. Baker* of Milwaukee, for the appellant.

For the respondent there was a brief by *Fawsett, Smart & Shea* of Milwaukee, and oral argument by *Edward M. Smart.*

The following opinion was filed April 6, 1926:

VINJE, C. J. The validity of the requirement contract sued upon is not questioned by the defendant. That such a contract for furnishing certain material or tools for an established business for a specified time is not so uncertain or indefinite as to lack mutuality seems well established by the decisions. See 11 L. R. A. N. s. 713 and note; 43 L. R. A. N. s. 730 and note; L. R. A. 1918 E, 296 and note; *Shipman v. Straitsville C. M. Co.* 158 U. S. 356, 15 Sup. Ct. 886; *Cold Blast T. Co. v. Kansas B. & N. Co.* 114 Fed. 77, 81; 35 Cyc. 208. But it is urged (1) that the court erred in permitting Hopkins, the purchasing agent of plaintiff corporation and a stockholder therein, to testify as to conversations had with Seifert, the salesman of de-

fendant, since deceased; (2) in not submitting to the jury the question of plaintiff's breach of its contract before the order of October 22, 1915, was placed, and (3) because the plaintiff ordered more than its requirements.

We need not consider the alleged error of receiving Hopkins' testimony as to conversations with Seifert, because it was in no way essential to the questions submitted to the jury. There was little or no conflict in the evidence so far as the questions submitted to the jury were concerned, and Seifert's testimony supports the answers made by the jury to the questions. Neither is Hopkins' testimony necessary to the determination of the other two alleged errors, so we eliminate Hopkins' testimony entirely.

Unquestionably the plaintiff bought some of its drills during the year from the Union Twist Drill Company. But this fact was well known to the defendant and it made no objection thereto further than to request orders for itself. Seifert says:

"I understood that they expected to continue to get part of their requirements from the Union Twist Drill Company. Mr. Hopkins had told me that they were buying some drills for certain departments from the Union Twist Drill Company."

The defendant, knowing that plaintiff did not purchase all its requirements from it, still continued to solicit orders under the contract. Its action in that respect concludes it from now claiming a breach because of such purchases. *Jung B. Co. v. Konrad,* 137 Wis. 107, 118 N. W. 548.

Defendant also now makes the claim that plaintiff ordered more than its requirements and that it was under no obligation to furnish the excess. The evidence does not sustain such claim. Seifert testified:

"I went to the *Cutler-Hammer Manufacturing Company* to solicit those orders that were given to me and brought them into our store to be filled. . . . I had ample opportunity to see the stock in the stock room, but I did not take

any advantage of it—I did not want to see. There was no disposition on the part of the *Cutler-Hammer Company* or Mr. Hopkins to conceal from me the amount of stock they had on hand."

And in another place he says: "I had frequently suggested that they ought to take advantage of market conditions and lay in a good stock." So even if it be a fact that plaintiff ordered more than its requirements, which it denies, such ordering was with the knowledge and consent of defendant, and it cannot now complain.

Our conclusion is that the only issuable facts at the close of the testimony were submitted to the jury under correct instructions.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $10 costs, on June 21, 1926.